Justice GINSBURG, dissenting.
I join Justice THOMAS' dissenting opinion with one reservation. Kiowa Tribe of Okla. v. Manufacturing Technologies, Inc., 523 U.S. 751, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998), held for the first time that tribal sovereign immunity extends to suits arising out of an Indian tribe's off-reservation commercial activity. For the reasons stated in the dissenting opinion I joined in Kiowa,id., at 760-766, 118 S.Ct. 1700 (opinion of Stevens, J.), and cogently recapitulated today by Justice THOMAS, this Court's declaration of an immunity thus absolute was and remains exorbitant. But I also believe that the Court has carried beyond the pale the immunity possessed by States of the United States. Compare ante, at 2049, n. 3 (THOMAS, J., dissenting), with Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 100, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (Souter, J., dissenting) ("[T]he Court today holds for the first time since the founding of the Republic that Congress has no authority to subject a State to the jurisdiction of a federal *832 court at the behest of an individual asserting a federal right.... I part company from the Court because I am convinced its decision is fundamentally mistaken."); Kimel v. Florida Bd. of Regents, 528 U.S. 62, 93, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) (Stevens, J., dissenting in part and concurring in part) ("Congress' power to authorize federal remedies against state agencies *2056 that violate federal statutory obligations is coextensive with its power to impose those obligations on the States in the first place. Neither the Eleventh Amendment nor the doctrine of sovereign immunity places any limit on that power."); Alden v. Maine, 527 U.S. 706, 814, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999) (Souter, J., dissenting) (court's enhancement of the States' immunity from suit "is true neither to history nor to the structure of the Constitution"). Neither brand of immoderate, judicially confirmed immunity, I anticipate, will have staying power.

While this case involves a suit against a Tribe in federal court, the principal dissent also critiques tribal sovereign immunity in state courts. Post, at 2047 - 2048.

The term " 'Indian gaming facility' is defined as any tribal enterprise that offer[s] gaming in accordance with [the Indian Gaming Regulation Act].' " A. Meister, Casino City's Indian Gaming Industry Report 10 (2009-2010 ed.).

This figure does not include land taken from Indian Tribes after World War II; during that time, some Tribes and reservations were liquidated and given to non-Indians. A. Debo, A History of Indians of the United States 301-312 (1970).

See Dept. of Interior, Office of Assistant Secretary-Indian Affairs, 2013 American Indian Population and Labor Force Report 11 (Jan. 16, 2014) (placing the poverty rate among American Indians at 23%); see also Dept. of Commerce, Bureau of Census, Press Release, Income, Poverty and Health Insurance Coverage in the United States: 2010 (Sept. 13, 2011) stating that the national poverty rate in 2010 was 15.1%), online at http://www.census.gov/newsroom/releases/archives/income_wealth/cb13-165. html (as visited May 22, 2014, and available in Clerk of Court's Case file).
* * *